IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HARDY L RUTH,

    Petitioner,

v.                                                               CASE NO. 4:07-cv-00108-MP-MD

BILL MCCOLLUM, WENDEL C WHITEHURST,

    Respondents.

_____/

**O R D E R**

This matter is before the Court on Doc. 45, Motion for Leave to Appeal in Forma Pauperis, and Doc. 43, Motion for Certificate of Appealability. Previously, the United States Court of Appeals for the Eleventh Circuit dismissed the appeal, Doc. 44, but later reinstated the appeal. Doc. 46.

This Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 326, 123 S. Ct. 1029, 1034 (2003). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000). In this case, as stated in the order at Doc. 35, the officer clearly had "reasonable suspicion" that Mr. Ruth was

involved in criminal activity, pursuant to the principles set forth in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). As the Court stated in the order at Doc. 35:

> Petitioner was observed walking the streets at 2:00 a.m. in the morning, wearing dark clothes that matched the description of an armed robbery suspect in the same apartment complex and who was sweating despite cold weather. When approached by police, he began asking where a person lived as if he were planning to just drop in unexpectedly at 2:00 a.m. These specific and articulated facts suffice to gave rise to a reasonable suspicion that Petitioner was engaged in a crime.

Accordingly, the petitioner has not made a substantial showing of the denial of a constitutional right with regard to the initial stop. Additionally, for the reasons stated in the order at Doc. 35, the police did not unreasonably delay the investigation. Eventually, the police had probable cause for arrest once the other suspect confessed and implicated petitioner. Also, only the statements given after his Miranda rights were read to him were offered at trial. For all these reasons, the Court concludes that petitioner has not made a substantial showing of the denial of a constitutional right. The motion for certificate of appealability will therefore be denied.

Petitioner has also moved to proceed on appeal *in forma pauperis*. Under Fed. R. App. P. 24(1), a party seeking to proceed *in forma pauperis* on appeal must file a motion with the district court, and the Court, under Fed. R. App. P. 24(a)(4) may certify that the appeal is not taken in good faith and for that reason deny the motion to proceed *in forma pauperis*.

As set out above, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.

Accordingly, the Court hereby certifies that the appeal is not taken in good faith.

**ORDERED AND ADJUDGED:**

1. The motion for certificate of appealability, Doc. 43, is DENIED.
2. The motion to proceed on appeal *in forma pauperis*, Doc. 45, is DENIED.
3. A copy of this order and an updated docket sheet shall be sent to the United States Court of Appeals for the Eleventh Circuit

**DONE AND ORDERED** this  *23rd*  day of July, 2010

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge